IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

                                                  ORDER

               Plaintiff,

                                            08-cv-141-bbc

    v.

L. HARRIS,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

             Plaintiff,

                                           08-cv-142-bbc

    v.

ENOCH JOHNBULL,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON KENT,

             Plaintiff,

                                           08-cv-143-bbc

    v.

JOHN B. LINDSLEY,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These are unusual cases in a number of different respects. They began as small claims actions in state court against three IRS agents. Although plaintiff Simon Kent did not identify a legal theory for his claims in his complaint, he alleged that defendants L. Harris. Enoch Johnbull and John Lindsley caused him emotional distress in their efforts to collect taxes from him. When none of the defendants filed an answer, the circuit court entered default judgment against them on January 25, 2008.

On March 12, 2008, "the United States of America" filed a notice of removal under 28 U.S.C. § 1442(a)(1), which permits removal of an action against

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

A few days the later, the government moved to consolidate each of these cases and to set aside the state court judgments under Fed. R. Civ. P. 60 on the ground that the defendants were never properly served with the complaints. I stayed a ruling on these motions to allow the parties to address two preliminary matters: (1) whether removal was proper because only defendants may remove a case and the United States of America is not a defendant; (2) whether the Rooker-Feldman doctrine bars this court from vacating the state court's judgment. Having reviewed the parties' responses to this court's order, I am

2

persuaded that removal was proper and that the Rooker-Feldman doctrine does not prevent defendants from obtaining relief under Rule 60.

First, defendants Harris, Johnbull and Lindsley now represent that the government filed the notice of removal on their behalf and with their authorization. Accordingly, defendants are entitled to amend this defect under 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). See also Harmon v. OKI Systems, 115 F.3d 477, 479 (7th Cir. 1997) (mistakes in allegations in notice of removal may be cured without remand).

Second, the Rooker-Feldman doctrine, which prohibits parties from using the federal district courts to appeal an adverse state court judgment, does not apply to a properly removed action. When a case is removed, the federal court sits in the shoes of the state court from which the case was removed. So long as the state court would have authority to vacate the judgment and the removal is otherwise proper, the Rooker-Feldman doctrine is not implicated. Price v. Wyeth Holdings Corp., 505 F.3d 624 (7th Cir. 2007). In either a Wisconsin court or a federal court, a judgment may be vacated if it was obtained without proper services of process. Western Pattern & Manufacturing Co. v. American Metal Shoe Co., 175 Wis. 493, 185 N.W. 535, 536 (1921) ("The judgment is held absolutely void, and the court should expunge it from the record whenever its attention is called to the fact that jurisdiction of the defendant was not acquired by reason of a lack of service of process upon

3

him."); Swaim v. Moltan Co., 73 F.3d 711, 718 (7th Cir. 1996) (if defaulted party can show, by motion under Rule 60(b), that court lacked personal jurisdiction through flawed or nonexistent service of process, district court "is obligated to dismiss the case because . . . [t]he default judgment is void.").

The question remains whether the state court judgment was obtained without proper service of process. Under Wisconsin law, service of process may be completed by "personally serving the summons upon the defendant either within or without this state" or "[i]f with reasonable diligence the defendant cannot be served [personally] then by leaving a copy of the summons at the defendant's usual place of abode." Wis. Stat. § 801.11. Plaintiff concedes that he did not comply with the requirements of the statute. Instead, he left the complaints with another federal employee at "the security office" for the Internal Revenue Service in Austin, Texas. Although plaintiff argues strenuously that he made valiant efforts to serve defendants properly, the only question is whether he satisfied § 801.11. Because he did not, I must grant defendants' motion to vacate the judgment in each of these cases.

This means that before these cases may proceed, plaintiff must accomplish service on defendants. Now that the cases are proceeding in federal court, plaintiff must comply with the Federal Rules of Civil Procedure. Enclosed with this order is a memo explaining plaintiff's options for serving his complaint as well as the forms he may need in accomplishing service. Because these cases have been proceeding in state court for some

4

time, plaintiff should file proof of service in this court no later than August 8, 2008. If plaintiff fails to file proof of service by that date, I will dismiss the case for plaintiff's failure to prosecute.

Two other motions remain before the court. First is defendants' motion to consolidate the cases under Fed. R. Civ. P. 42(a). Because the three cases were brought by the same plaintiff and raise identical issues, that motion will be granted. The second motion is plaintiff's motion for "restitution," in which he appears to be seeking enforcement of the state court judgment, among other things. That motion will be denied. Before plaintiff may seek relief against any party, he must properly serve his complaint.

In closing, I give plaintiff a word of caution. As noted above, plaintiff has not identified a legal theory for his right to recover damages against defendants. Although plaintiff says that defendants caused him emotional distress, to the extent this was a result of defendants' lawful efforts to collect a tax, plaintiff would have no right to relief, even if he believes that defendants' interpretation of the tax code is wrong. Thus, plaintiff's complaint appears vulnerable to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Before plaintiff chooses to expend additional time and resources attempting service and otherwise prosecuting this case, he should carefully consider whether he will be able to prove that defendants violated any legally enforceable rights.

ORDER

IT IS ORDERED that

1. Defendants L. Harris, Enoch Johnbull and John Lindsley may have until June 23, 2008, in which to file a cured notice of removal that properly identifies them as the parties seeking removal.

2. Defendants' motions to vacate the judgments in case nos. 08-cv-141-bbc, 08-cv-142-bbc and 08-cv-143-bbc are GRANTED on the ground that plaintiff Simon Kent did not properly serve defendants.

3. Defendants' motion to consolidate case nos. 08-cv-141-bbc, 08-cv-142-bbc and 08-cv-143-bbc is GRANTED.

4. Plaintiff Simon Kent's motions for restitution in case nos. 08-cv-141-bbc, 08-cv-142-bbc and 08-cv-143-bbc are DENIED.

5. Defendants' motions to "strike" plaintiff's motions for restitution are DENIED as unnecessary.

6. Plaintiff may have until August 9, 2008, to file with the court proof of service of his complaint on defendants. If plaintiff does not file proof of service by that date, I will

dismiss these cases for plaintiff's failure to prosecute.

Entered this 11th day of June, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

7